Contracts; lease; termination; notice of termination; un-tenantability; ambiguity; contra proferentem; impossibility of performance. — Plaintiffs seek damages for the alleged breach by defendant of a lease agreement entered into by plaintiffs and the General Services Administration. The United States Army used the leased premises as a recruiting center. The premises consisted of a large reception area, three individual offices, a storage room, and lavatory facilities. On January 26, 1978, a blizzard damaged the roof of the leased premises and caused it to leak. Damage from the leaky roof consisted of water-soaked ceiling panels, water-soaked wall panels, and waterlogged carpeting. In addition to physical damage to the center, the continual water-soaked condition of the premises, combined with the poor ventilation in the back offices, resulted in a foul odor that permeated the entire leased premises. Plaintiffs were notified of the roof leak and the resulting condition of the premises on the first working day after the blizzard. Plaintiffs inspected the damage on February 11, 1978, and promised to repair the leak at the earliest possible time; however, no repair was undertaken, nor was a schedule of repairs furnished to defendant. The Army recruiting staff vacated the premises on or about March 1,1978. Paragraph 3 of the general provisions of the contract ("Damage by Fire or Other Casualty”) called for notice of termination to be given within 15 days of the Government’s determination of untenantability. The' defendant sent plaintiffs a lease termination notice dated March 3,1978, postmarked March 6, 1978, and received by plaintiffs on March 9, 1978. The termination purported to be effective at midnight March 18, 1978. The Government prorated the March rent and thereafter refused to pay further rent. On September 3, *602 1981, Trial Judge James F. Merow filed a recommended opinion (reported in full at 29 CCF ¶ 81,851) concluding that the defendant properly terminated the lease, that the defendant is not liable for any further rental payments, and that plaintiffs are therefore not entitled to recover. The trial judge found (1) that paragraph 3 of the general provisions of the lease is not ambiguous; therefore, the doctrine of contra proferentem is not applicable; (2) that since the water damage to the center was cumulative and the determination of untenantability not made until late February, the defendant acted within a reasonable time in giving notice of termination; (3) the fact that March 18 was set forth in the notice of termination as the effective date for termination does not affect the adequacy of the notice since notice of the decision of untenantability was communicated within the 15 days required by the lease; and (4) that plaintiffs were not excused from repairing the roof because unusually severe weather conditions rendered performance temporarily impossible since the lease provisions clearly placed this risk on the plaintiffs. On November 17, 1981 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case and dismissed the petition.